**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KAROD NIX,
*Defendant-Appellant.*

No. 01-4449

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-183-MU)

Submitted: February 8, 2002

Decided: March 11, 2002

Before WIDENER, KING, and GREGORY, Circuit Judges.

Remanded with instructions by unpublished per curiam opinion.

### COUNSEL

Trevor M. Fuller, THE FULLER LAW FIRM, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Karod Nix appeals from the 27-month sentence imposed for violating his conditions of supervised release. The amended judgment was entered on May 9, 2001. On May 24, 2001, Nix filed a notice of appeal. No extension of time to appeal was granted by the district court, and Nix did not request an extension of time.

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b). With or without a motion, the district court may grant an extension of this time up to thirty days upon a showing of good cause or excusable neglect. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985). If the defendant files his notice of appeal outside the ten-day appeal period, but within the thirty-day extension period, the district court must make factual findings concerning whether there was excusable neglect that warrants an extension of the appeal period. *Reyes*, 759 F.2d at 353-54.

Nix filed his notice of appeal fifteen days after the district court entered its judgment. While this filing was after the ten-day limit, it was within the thirty-day extension period applicable upon a showing of excusable neglect or good cause. Because the district court made no factual findings on this issue, we remand the case to the district court with instructions to make factual findings concerning whether there was excusable neglect or good cause warranting an extension of the ten-day appeal period. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED WITH INSTRUCTIONS*